RECEIVED
NOV 06 2019
Legal Programs Department

SCANNED at LSP and Emailed
11-6-19 by KB . 14 pages
date   initials   No.

A COMPLAINT UNDER THE CIVIL RIGHTS ACT,
42 U.S.C. § 1983

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DONALD BARNES, PLAINTIFF

385417
Inmate (DOC) Number

(Enter above the full name of each
plaintiff in this action.)

VERSUS

DARRYL VANOY, WARDEN,
(JOHN DOE), COLONEL,
PETER LOLLIS, MAJOR,
(JOHN) MAPLES, MAJOR,
(JOHN) ASHLEY, CAPTAIN,
SHAWN MILLER, SERGEANT,
(Enter above the full name of each defendant in this action.)

Instructions for Filing Complaint by Prisoners
Under the Civil Rights Act, 42 U.S.C. § 1983

This packet includes two copies of a complaint form and copy of the pauper affidavit.

IF YOU ARE A PARISH PRISONER, you must file an original and one copy of your complaint for each defendant you name. For example, if you name two defendants, you must file the original and two copies of the complaint. You should also keep an additional copy of the complaint for your own records.

IF YOU ARE A D.O.C. PRISONER, you must file an original and one copy of your complaint. If the defendants are still employed by the Department of Public Safety and Corrections, only one service copy is needed. Otherwise, you must supply a copy of the complaint and the service address for each defendant no longer employed by the Department of Public Safety and Corrections.
**All copies of the complaint must be identical to the original.**
The names of **all parties** must be listed in the caption and in Part III of the complaint **exactly the same.**

In order for this complaint to be filed, it must be accompanied by the filing fee of $250.00. In addition, the United States Marshal will require you to pay the cost of serving the

complaint on each of the defendants.

If you are unable to pre-pay the filing fee and service costs, you may petition the court to proceed informa pauperis. For this purpose, a pauper affidavit is included in this packet. You must sign the affidavit, and obtain the signature of an authorized officer certifying the amount of money in your inmate account. If the pauper status is granted, you will be required to pay an initial partial filing fee and thereafter, prison officials shall be ordered to forward monthly payments from your inmate account until the entire filing fee is paid.

You will note that you are required to give facts. THIS COMPLAINT SHOULD NOT CONTAIN LEGAL ARGUMENTS OR CITATIONS. ALSO, DO NOT INCLUDE EXHIBITS.

When you have completed these forms, mail the original and copies to the Clerk of the United States District Court for the Middle District of Louisiana, 777 Florida Street, Suite 139, Baton Rouge, La. 70801-1712.

I. Previous Lawsuits

   A) Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment? Yes ( ) No (X)

   B) If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

      D) Parties to this previous lawsuit
         Plaintiff(s):_____none_____
         Defendant(s):_____none_____

      E) Court (if federal court, name the district; if state court, name the parish)
         _____none_____
      F) Docket number:_____none____

      G) Name of Judge to whom case was assigned:_____none_____

      H) Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?):_____

      I) Date of filing lawsuit:_____
      J) Date of disposition:_____

   C) Have you had any previously filed federal lawsuits or appeals, whether or not related to the issues raised in this complaint, dismissed by any federal court as frivolous, malicious, or for failure to state a claim for which relief can be granted?
      Yes ( ) No (X)

If your answer is yes, list the civil action numbers and disposition of each case.

You must identify in which federal district or appellate court the action was brought.
_____ none _____

II. Place of present confinement: LOUISIANA STATE PENITENTIARY, ANGOLA____
 A) Is there a prisoner grievance procedure in this institution?
 Yes ( X ) No ( )

 B) Did you present the facts relating to your complaint in the state prisoner grievance procedure?
 Yes ( X ) No ( )

 C) If your answer is Yes:
  1. Identify the administrative grievance procedure number(s) in which the claims were raised in this complaint were addressed. LSP-2019-1471____

  2. What steps did you take? FIRST STEP____

  3. What was the result? ____ REJECTED AS UNTIMELY

 D) If your answer is No, explain why not: ____

 C) Have you filed any lawsuit or appeal in any federal district court or appeals court which has been dismissed?
 Yes ( ) No ( X )

 If your answer to the preceding question is yes, state the court(s) which dismissed the case, the civil action number(s), and the reason for dismissal (e.g. frivolity malice, failure to state a claim, defendants immune from relief sought, etc.).
 ____
 ____

II. A.) Name of institution and address of current place of confinement:_____
 ____

 B) Is there a prison grievance procedure in this institution?
 Yes (X) No ( )

  1. Did you file an administrative grievance based upon the same facts which form the basis of this lawsuit?
  Yes ( ) No ( )
  If Yes, what is the Administrative Remedy Procedure number? ____

  2. If you did not file an administrative grievance, explain why you have not done so.

3

3. If you filed an administrative grievance, answer the following question.
   What specific steps of the prison procedure did you take and what was the result? (For example, for state prisoners in the custody of the Department of Public Safety and Corrections: did you appeal any adverse decision through to Step 2 of the administrative grievance procedure by appealing to the Secretary of the Department of Public Safety and Corrections? For federal prisoners: did you appeal any adverse decision from the Warden to the Regional Director for the Federal Bureau of Prisons, or did you make a claim under the Federal Tort Claims Act?)_____

   _____
   _____

   Attach a copy of each prison response and/or decision rendered in the administrative proceeding.

III. Parties to Current Lawsuit:

   (In item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

   A) Name of Plaintiff(s)    DONALD BARNES
      Address: DOC#385417, PINE UNIT 2, LOUISIANA STATE PENITENTIARY, ANGOLA, LA 70712;

   B) Defendant    DARRYL VANNOY    is employed as WARDEN of LOUISIANA STATE PENITENTIARY, ANGOLA, LA 70712;

   C) Additional Defendants:    (JOHN DOE) is employed as a COLONEL at LOUISIANA STATE PENITENTIARY, LSP ANGOLA, LA, 70712;

   D) Additional Defendants:    PETER LOLLIS, is employed as a MAJOR at LOUISIANA STATE PENITENTIARY, LSP, ANGOLA, LA 70712;

   E) Additional Defendants (JOHN) MAPLES, is employed as a MAJOR at LOUISIANA STATE PENITENTIARY, LSP, ANGOLA, LA, 70712;

   F) Additional Defendants (JOHN) ASHLEY, is employed as a CAPTAIN at LOUISIANA STATE PENITENTIARY, LSP, ANGOLA, LA, 70712;

   G) Additional Defendants SHAWN MILLER, is employed as a SERGEANT at LOUISIANA STATE PENITENTIARY, LSP, ANGOLA, LA 70712;

IV. Statement of Claim

   State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not

include any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.) State the FACTS of your case. YOU ARE REQUIRED TO SET FORTH ONLY FACTUAL ALLEGATIONS. You are NOT REQUIRED TO SET FORTH LEGAL THEORIES OR ARGUMENTS.

*PRELIMINARY FACTS:*

(1). Offender Terrence Napoleon #467023, was in administrative lockup for FIGHTING, AGGRAVATED(Schedule B Offense), because he used a brick to violently bash Offender (John Doe)'s head in, killing him. Prison officials put Napoleon in Camp D. Hawk, Cell #1. Terrence Napoleon had previously stated to Camp D. Supervisors ie Major Lollis, Major Maples, Captain Ashley, and Sgt. Shawn Miller, that "if yall put 'anyone' in this cell they be carrying him out on a stretcher". The Officials noted above deliberately ignored the clear import of Offender Napoleon's violent threats.

(2). In between April 1-11, 2019, while Offender Napoleon occupied Hawk Administrative Cell #1., Correctional Officers put Offender Robert Galfreth DOC#439035 in a cell down from Offender Napoleon. That night (John Doe) Offender cut Offender Galfreth's face and neck with some sort of sharp object, causing life threatening injuries. This was the second offender to be violently attacked by an Offender on Hawk Administrative/Lockdown Tier, within two weeks. THUS PRISON OFFICIALS WERE ON NOTICE OF, AND KNEW TO A CERTAINTY the VIOLENCE THAT HAUNTED HAWK LOCKDOWN.

*PLAINTIFF'S ALLEGATIONS:*

(3). On **April 13, 2019**, Plaintiff Barnes was written up for a work offense, and escorted to the Camp D. Hawk Administrative Lockup. No penological necessity prevented prison officials from allowing Barnes to perform a "walk in court," versus confining him to an administrative cell. Once inside the cellblock, Sgt. Shawn Miller ordered Plaintiff Barnes to walk down the tier until I tell you to stop! Plaintiff was ordered to **stop in front of Cell #1.**

(4). When Barnes first encountered Offender Terence Napoleon looking at him from inside Cell #1, Barnes was not put on notice that he was in any *immediate danger.*

(5). Sgt. Sanford or Sgt. Miller racked the cell door back, and *ordered* Barnes to "catch the cell". Barnes was then forced to enter that cell. Prison Officials did not inform Barnes the immediate danger he now faced. Even though, Napoleon continued his prophecy concerning the fate of Barnes, Security steadfastly continued to ignore Napoleon, It was this deliberate indifference that aggravated Napoleon's rage. This fact should be taken as true, because, there were no arguments or offenses, between Barnes and Napoleon.

(6). That two nights later, after Shift change (B-Team) Offender Terence Napoleon crept up on Barnes as he lay asleep, and with some sort of sharp object, he split Barnes' throat from one side to the other, just like he told security he would.

5

(7).    After **Napoleon** cut Barnes throat, Offender Barnes started yelling for the Guards in fear after seeing all the blood.

(8).    Prison officials racked back the cell door, and pulled **Napoleon** from the cell. Barnes was bleeding profusely from the open wound. Prison Guards made extra efforts to dodge the spray of blood for fear of contamination, but did not rap the wound. Barnes wrapped his hand around his neck staunching the blood flow. Barnes was taken to the prison emergency room where he received an assortment of stitches to seal the cavity in his neck.

(9).    (John Dow) Colonel, the next day told Plaintiff Barnes that, "sorry that had to happen to you, but we had to put you somewhere, even if its in the cell with someone like Napoleon."

(10).   The violent altercation between Plaintiff Barnes and Offender Napoleon was undeniably foreseeable. Correctional Officials placed yet another prisoner (Barnes) in the cell with Napoleon ---and his razor. After having three known bloody examples, Correctional Officials recklessly disregarded this *dangerous re-occurrence*. Failing to protect Barnes from this known dangerous situation/condition/ circumstances.

(11).   Plaintiff sues DARRYL VANNOY in his official capacity as Warden of Louisiana State Penitentiary, at Angola, for violation of Plaintiff's Eighth Amendment rights; Plaintiff seeks $1,250.00 for VANNOY failure to put in place, and **insure enforcement of**, adequate departmental policies, practices and safeguards that would reasonably prevent Plaintiff from being confined in an administrative cell, subjected to known, excessive or a substantial risk of harm at the hands of dangerous violent offenders. Especially, after being made personally aware of such previous occurrences, for example, Elliot Montana/#293682 v. Warden Darrel Vannoy, et al-*USDC/MDLA Docket No. 16-766 JWB-RLB; and ROBERT DIGGENS/#437853 v. KENYON MEARDAY et al., USDC/MDLA Docket No. 16-579-JWD-RLB.* That Warden Vannoy, if after having previously implemented such policies, regulations, or directives, he failed to enforce them thru supervisory officials.

(12).   Plaintiff alleges that PETER LOLLIS, is sued in his individual capacity. Major Lollis violated Plaintiff's Barnes' federal rights under the Eighth Amendment; He operated a practice that allowed deliberate and reckless indiscriminate housing of Offenders in administrative cells without prior classification between known dangerously violent offenders from those of a lesser group, in violation of Plaintiff's Eighth Amendment Rights;

(13).   Plaintiff alleges that (JOHN) MAPLES is sued in his individual capacity, violated Plaintiff's Barnes' federal rights under the Eighth Amendment; He operated a practice that allowed deliberate and reckless indiscriminate housing of Offenders in administrative cells without prior classification between known dangerously violent offenders from those of a lesser group, in violation of Plaintiff's Eighth Amendment

Rights;

(14).  Plaintiff alleges that (JOHN) ASHLEY is sued in his individual capacity, He operated a practice that allowed deliberate and reckless indiscriminate housing of Offenders in administrative cells without prior classification between known dangerously violent offenders from those of a lesser group, in violation of Plaintiff's Eighth Amendment Rights;;

(15).  Plaintiff alleges that (JOHN) MILLER is sued in his individual capacity, He operated a practice that allowed deliberate and reckless indiscriminate housing of Offenders in administrative cells without prior classification between known dangerously violent offenders from those of a lesser group, in violation of Plaintiff's Eighth Amendment Rights;

(16).  **DEFENDANTS LOLLIS, MAPLES, ASHELY, AND MILLER** jointly, and severally, operated a practice that allowed deliberate and reckless indiscriminate housing of Offenders in administrative cells without prior classification between known dangerously violent offenders from those of a lesser group, in violation of Plaintiff's Eighth Amendment Rights;

**Relief**

State exactly what you want the court to provide to you or do for you. Make no legal arguments. Cite no cases or statutes.

(17).  Require DOC Officials to construct and impose policies that implement classification of known violent disciplinary offenders from those who are non violent disciplinary offenders, when housing them in administrative segregation cells, as well as working cell block units;

(18).  Monetary Damages in the amount of $20,000.00 for the pain and suffering caused by deliberate indifference to a dangerous condition, health and safety;

(19).  Punitive damages in the amount of $15,000.00 against each defendant for callous indifference to the reasonable likelihood that Plaintiff would be violently attacked while being housed in Hawk administrative detention.

**V. Plaintiff's Declaration**

A) I understand that if I am transferred or released, I must apprise the Court of my address, and my failure to do so may result in this complaint being dismissed.

B) I understand that I may not proceed without prepayment of costs if I have filed three lawsuits and/or appeals that were dismissed on grounds that the action and/or appeal was frivolous or malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury.

Signed this 5 day of November, 2019

_____          _____
Prisoner No. (Louisiana Department of                  Signature of Plaintiff
Corrections or Federal Bureau of Prisons

7