UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DONALD BARNES (#385417)**                                      **CIVIL ACTION**

**VERSUS**

**DARRYL VANOY, ET AL.**                                          **19-764-JWD-RLB**

### ORDER

      Before the Court is the plaintiff's Motion for Extension of Time to File Response to Answer (R. Doc. 20) and Motion to Deny Inapplicable Affirmative Defenses (R. Doc. 23) wherein the plaintiff asserts that some of the defendant's affirmative defenses are not applicable and others have not been sufficiently plead.  Although a Reply to an Answer is a pleading that may only be filed "if the court orders one" (see Fed. R. Civ. P. 7(a)(7)), and the Court has not done so, Plaintiff's Motion to Deny will also be construed as a motion to strike to which Plaintiff was seeking to file with leave of court.  Accordingly, because the Motion to Deny has been filed and will be considered by the undersigned on the merits, the pending Motion for Extension (R. Doc. 20) is denied as moot.

      Federal Rule of Civil Procedure 12(f) authorizes district courts to "strike from a pleading ... any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Although motions to strike a defense are generally disfavored, a Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1051 (5th Cir. 1982).  A motion to strike is a " 'drastic remedy' that is 'disfavored' by courts and generally require a showing of prejudice to the moving party." *Becnel v. Mercedes-Benz USA, LLC*, No. 14-0003, 2014 WL 4450431 (E.D. La. Sept. 10, 2014).  The Fifth Circuit has held that "[a]n affirmative defense is not valid if it

appears to a certainty that the plaintiff would succeed despite any set of facts which could be proved in support of the defense." *EEOC v. First Nat. Bank of Jackson*, 614 F.2d 1004, 1008 (5th Cir. 1980) (citation omitted). If, however, "there is any doubt as to whether under any contingency the matter may raise an issue, the motion should be denied." *Pan Am. Life Ins. Co. v. Blanco*, 311 F.2d 424, n. 13 (5th Cir. 1962) (citation omitted).

The Fifth Circuit has stated that an "affirmative defense is subject to the same pleading requirements as is the complaint," thus requiring the defendant to plead defenses "with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). After the *Woodfield* decision, the Supreme Court interpreted the pleading standards for complaints found in Rule 8(a)(2) as requiring more than "labels and conclusions" or "naked assertion[s]" devoid of "further factual enhancement." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Instead, a complaint must "state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570).

In an opinion issued after the *Twombly* decision, the Fifth Circuit applied the "fair notice" standard as the requirement for pleading affirmative defenses. *See Rogers v. McDorman*, 521 F.3d 381, 385 (5th Cir. 2008). This Court has subsequently employed the "fair notice" standard in determining whether to strike affirmative defenses. *See Two Men & a Truck Int'l, Inc. v. Two Guys Moving Bossier, LLC*, No. 15-254-SDD-RLB, 2015 WL 7573216, at *1 (M.D. La. Nov. 25, 2015). Accordingly, the court applies the "fair notice" standard in addressing the defendants' affirmative defenses.

A review of the defendant's Answer provides the plaintiff with sufficient notice regarding the affirmative defenses at issue. If considered under a more rigorous standard, the defenses may

fall short, but the defenses as pled meet the standards of notice pleading. The plaintiff does not assert that the defenses fail to provide fair notice, rather the plaintiff argues that the defenses are without merit. At this stage in the proceedings, the Court cannot determine whether these affirmative defenses are valid. Since the Plaintiff has failed to identify any prejudice or unfair surprise resulting from the way in which the defendant has asserted the affirmative defenses, the plaintiff's Motion will be denied. Accordingly,

**IT IS ORDERED** that the plaintiff's Motion to deny Inapplicable Affirmative Defenses (R. Doc. 23) is **DENIED**.

**IT IS FUTHER ORDERED** that the plaintiff's Motion for Extension of Time to File Response to Answer (R. Doc. 20) is **DENIED AS MOOT**.

Signed in Baton Rouge, Louisiana, on December 1, 2020.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**