UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DONALD BARNES** | : | CIVIL ACTION NO. |
| | : | USM 19-764 |
| **VERSUS** | | |
| | : | JUDGE JOHN W. deGRAVELLES |
| **DARRYL VANNOY, ET AL** | | |
| | : | MAGISTRATE JUDGE RICHARD L. BOURGEOIS, JR. |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## STATEMENT OF UNCONTESTED MATERIAL FACTS:

1. Plaintiff, Donald Barnes, was at all times pertinent an inmate at Louisiana State Penitentiary.[1]

2. Defendant, Darryl Vannoy, at all times pertinent was Warden of Louisiana State Penitentiary.[2]

3. Defendant Darryl Vannoy has been sued by Plaintiff specifically in his official capacity only.[3]

4. Defendants, Peter Lollis, John Maples, and Shawn Miller, at all times pertinent corrections officers at Louisiana State Penitentiary.[4]

5. Plaintiff identified administrative grievance procedure number LSP-2019-1471 as the Administrative Remedy Procedure in which the claims raised in his *Complaint* were addressed.[5]

6. A request for Administrative Remedy is screened by the Administrative Remedy Procedure screening officer prior to assignment to the first step.[6]

---

[1] R. Doc. 1
[2] R. Doc. 1 at p. 4
[3] R. Doc. 1 at p. 6
[4] R. Doc. 1 at p. 4
[5] R. Doc. 1 at p. 3 and Exhibit A.
[6] *See* R. Doc. 1 at p. 3 and La. Admin. Code Title 22 § 325 (I)(1)

7. A request for Administrative Remedy may be rejected by the screening officer on the basis of untimeliness.[7]

8. Plaintiff's Request for Administrative Remedy, LSP-2019-1471, was rejected as untimely.[8]

9. Plaintiff did not proceed to the second step of the Administrative Remedy Procedure.[9]

10. Plaintiff did not properly exhaust his administrative remedies.[10]

11. Plaintiff and fellow inmate Terrance Napoleon had no history of conflict or history as known enemies prior to the incident alleged in Plaintiff's *Complaint*.[11]

12. Defendants Darryl Vannoy, Peter Lollis, John Maples, and Shawn Miller were not involved in the incident between Plaintiff and Terrance Napoleon.[12]

The above facts are believed to be undisputed and therefore present a proper subject for a motion for summary judgment in that there exists no genuine issue of material facts between Plaintiff and Defendant herein. Therefore, Defendants Darryl Vannoy, Peter Lollis, John Maples, and Shawn Miller are entitled to summary judgment as a matter of law.

Respectfully submitted,
**JEFF LANDRY**
**ATTORNEY GENERAL**
*/s/ Matthew Roth*
Matthew Roth (37527)
Assistant Attorney General
**Louisiana Department of Justice**
Litigation Division, Civil Rights Section
1885 N. 3rd Street
P. O. Box 94005
Baton Rouge, LA  70804-9005
Telephone: (225) 326-6300

---

[7] *See* R. Doc. 1 at p. 3 and La. Admin. Code Title 22 § 325 (I)(1)(c)(i)((i)).
[8] R. Doc. 1 at p. 3 and Exhibit A.
[9] R. Doc. 1 at p. 3 and 4, and Exhibit A
[10] R. Doc. 1 at p. 3 and 4, Exhibit A, and La. Admin. Code Title 22 § 325 (I)(1)(c)(iv).
[11] R. Doc. 1 at p. 5 and Exhibit B.
[12] R. Doc. 1.

Fax: (225) 326-6495
RothM@ag.louisiana.gov

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this, the 29th day of October 2021 the above entitled pleading was filed electronically with the Clerk of Court by using CM/ECF system. Notice of this filing will be sent to all parties who participate in electronic filing by operation of the court's electronic filing system.

**I HEREBY FURTHER CERTIFY** that on this, the 29th day of October 2021, a copy of the foregoing was provided to Pro Se Plaintiff via U.S. First Class Mail, to the below name and address:

**PRO-SE**
Donald Barnes
DOC #385417
Louisiana State Penitentiary
Jag-4, Right 1-D
Angola, LA 70712

*/s/Matthew Roth*
Matthew Roth (#37527)
Assistant Attorney General