UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DONALD BARNES** | : | **CIVIL ACTION NO.** |
| | : | **USM 19-764** |
| **VERSUS** | | |
| | : | **JUDGE JOHN W. deGRAVELLES** |
| **DARRYL VANNOY, ET AL** | | |
| | : | **MAGISTRATE JUDGE** |
| | | **RICHARD L. BOURGEOIS, JR.** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT:**

**MAY IT PLEASE THE COURT:**

Defendants, Darryl Vannoy, Peter Lollis, John Maples, and Shawn Miller, respectfully move this Honorable Court to dismiss the claims of Plaintiff, Donald Barnes, against them, in accordance with Rule 56 of the Federal Rules of Civil Procedure as there are no genuine issues of material fact that Defendants were not deliberately indifferent to a substantial risk of serious harm to Plaintiff.

**I.    STATEMENT OF THE CASE:**

At all times pertinent herein, Plaintiff, Donald Barnes, has been an inmate incarcerated with the Louisiana Department of Public Safety and Corrections, currently housed at Louisiana State Penitentiary ("LSP") at Angola, Louisiana.  On or about November 6, 2019, Plaintiff filed the instant suit pursuant to 42 U.S.C. § 1983 against Movers.[1]

In his *Complaint*, Plaintiff alleges that on April 13, 2019, he was written up for a rules violation and placed in administrative segregation in a cell with offender Terrance Napoleon.[2]  He further alleges that on approximately April 15, 2019, Terrance Napoleon attacked him in his sleep.[3]  Plaintiff also alleges that at some time prior to his assignment to the same cell as Napoleon,

---

[1] R. Doc. 1
[2] *Id*. at p. 5.
[3] *Id*.

1

Napoleon had threatened " 'if yall (*sic*) put 'anyone' in this cell they be carrying him out on a stretcher (*sic*),' " to Defendants Lollis, Maples, Ashley, and Miller.[4] Finally, Plaintiff's *Complaint* alleges that Napoleon "…continued his prophecy concerning the fate of Barnes…" though Plaintiff allegedly remained ignorant of the "…immediate danger he now faced."[5] Plaintiff asserts that the Defendants' alleged knowledge of these threats by Napoleon and their lack of action to prevent Napoleon's attack against Plaintiff constitutes a violation for his Eighth Amendment rights by being deliberately indifferent and failing to protect him.

However, there are no allegations of any involvement in this incident, direct or otherwise, by Defendant Vannoy in Plaintiff's *Complaint*, and the only allegations against either Lollis or Maples is that they allegedly heard the threat Napoleon made before Plaintiff was ever assigned to his cell. Plaintiff does not allege their involvement in the placing of him in the cell with Napoleon. Further, Plaintiff only definitively alleges that Miller ordered him to stop in front of the same cell as Napoleon. He does not allege that Miller made the choice of cell for him to be assigned to or that he otherwise has any form of control over what cell Plaintiff was assigned to.

II. **LAW AND ARGUMENT:**

   a. **The Law On Summary Judgment**

Summary judgment is appropriate where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.[6] Supporting affidavits must set forth facts which would be admissible in evidence.[7] Opposing responses must set forth specific facts showing that there is a genuine dispute for trial.[8] To oppose a motion for summary judgment,

---

[4] *Id*.
[5] *Id*.
[6] FED. R. CIV. P. 56(a).
[7] FED. R. CIV. P. 56(c)(4).
[8] FED. R. CIV. P. 56(a).

2

a party may not rest upon mere allegations or denials contained in his pleadings.[9] The non-moving party must designate specific evidence which is of sufficient caliber and quantity to create a genuine dispute for trial such that a rational finder of fact could return a verdict in his favor.[10]

This language mandates summary judgment for judicial efficiency in situations where the adverse complaint shows insufficient evidence on any element essential to his case and on which complainant bears the burden of proof at trial.[11] The mover need not prove that the adverse complaint will fail on all elements, but just that the adverse party will be unable to prove at least one essential element of his claim.[12] As a result, movers for summary judgment *shall* be entitled to judgment as a matter of law where there can be no genuine dispute as to any material fact against the defendant appearing herein.[13]

### b. Failure to Exhaust Administrative Remedies

Plaintiff has failed to exhaust his administrative remedies prior to filing suit, as required by law; therefore, summary judgment should be granted in favor of Defendants and all of Plaintiff's claims should be dismissed.

#### 1. The Legal Standard On Exhaustion

42 U.S.C. § 1997e(a) has mandated exhaustion of administrative remedies, regardless of the relief offered through administrative procedures.[14] The Prison Litigation Reform Act ("PLRA") states that no action shall be brought with respect to prison conditions under 42 U.S.C. § 1983, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

---

[9] *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Jacquez v. Procunier*, 801 F.2d 789 (5th Cir. 1986); *Fontenot v. Upjohn Company*, 780 F.2d 1190 (5th Cir. 1986); *John Hancock Mut. Life Ins. V. Johnson*, 780 F.2d 1190 (5th Cir. 1984).
[10] *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986); *Phillips Oil Company v. OCK Corporation*, 812 F.2d 265 (5th Cir. 1987).
[11] *Celotex Corp.*, 477 U.S. at 317 (1986).
[12] *Id.*
[13] Fed. R. Civ. P. 56(a).
[14] *Booth v. Churner*, 532 U.S. 731, 741 (2001).

facility until such administrative remedies as are available are exhausted.[15] Furthermore, 42 U.S.C. § 1997e(a) requires exhaustion on plaintiff's federal claims prior to filing suit.[16] The pre-filing exhaustion requirement of the PLRA is mandatory and non-discretionary.[17] The Fifth Circuit has expressly held that the exhaustion requirement is mandatory, and must be completed prior to filing suit, stating:

> District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint. It is irrelevant whether exhaustion is achieved during the federal proceeding. Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted.[18]

The PLRA made exhaustion mandatory, rather than discretionary, and precludes an inmate from filing suit while the administrative complaint is pending.[19] Inmates must strictly comply with all administrative requirements; failure to follow established procedures or failure to complete all levels of administrative review is fatal to a prisoner's case.[20] Exhaustion occurs when the second step response on the merits have been issued.[21] If an offender is not satisfied with the second step response, he can then file suit in district court, where he must provide the administrative remedy procedure number on the court documents.[22]

---

[15] 42 U.S.C. § 1997e(a).
[16] *Gonzalez v. Seal,* 702 F.3d 785 (5th Cir. 2012).
[17] *Id.* at 787.
[18] *Id.* at 788.
[19] *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002); *See also Underwood v. Wilson*, 151 F.3d 292, 293-94 (5th Cir. 1998); *Harris v. Hegmann,* 198 F.3d 153 (5th Cir. 1999), citing *Wendell v. Asher*, 162 F.3d 887, 890 (5th Cir. 1998).
[20] *See Richardson v. Spurlock*, 260 F.3d 495, 499-500, (5th Cir. 2001); *See also Marsh v. Jones,* 53 F.3d 707, 710 (5th Cir. 1995).
[21] La. Admin. Code Title 22 § 325(F)(3)(a)(viii).
[22] La. Admin. Code Title 22 § 325 (J)(1)(b)(iv). *See also Abbott v. Babin*, 587 F. App'x 116, 118-119 (5th Cir. 2014) (Inmate plaintiff failed to properly exhaust his administrative remedies, thus precluding his § 1983 excessive force action against guards, where state had required that second step [of administrative grievance process] be completed before suit could be filed in federal court, and inmate plaintiff "failed to follow the procedures for filing his ARP").

The Fifth Circuit has held that the Louisiana prison administrative grievance system remains in force and is available, and as long as the administrative grievance system remains in force, exhaustion remains mandatory.[23] According to the PLRA and jurisprudence, a plaintiff must exhaust the administrative remedies that the Louisiana Legislature established for the prison system.[24] The Court noted that Louisiana employs a two-step Administrative Remedy Procedure for inmates, which they are required to complete before filing suit in district court.[25] Furthermore, claims of futility are irrelevant because the test of 42 U.S.C. § 1997e(a) makes exhaustion mandatory without regards to the efficacy of the remedies at issue.[26]

### 2. Plaintiff Failed to Exhaust Administrative Remedies

On the face of his *Complaint*, Plaintiff admits that he failed to properly exhaust administrative remedies prior to filing suit. Specifically, he acknowledges that he only proceeded to the first step of his Administrative Remedy Procedure and that the result was that his grievance was rejected as untimely.[27] Because Plaintiff's request for administrative remedy was rejected as untimely, he failed to properly exhaust his administrative remedies.[28] This failure to exhaust precludes Plaintiff's instant claims and requires their dismissal.[29]

### c. Supervisor Liability

Plaintiff's *Complaint* makes no allegations that Defendant Vannoy was in any way involved with the alleged incident between himself and inmate Napoleon. Instead, Plaintiff claims that Vannoy is liable for failure to protect him from Napoleon purely due to his supervisory role

---

[23] *See Ferrington v. La. Dept. of Corrections*, 315 F.3d 529, 532 (5th Cir. 2002); *See also Pope v. State*, 792 So.2d 713 (La. 2001).
[24] *Harris*, supra, citing *Wendell*, 162 F.3d at 892.
[25] *Id*.
[26] *Porter*, supra, citing *Booth*, 532 U.S. at 739, n. 6.
[27] R. Doc. 1 at p. 3. *See also*, Exhibit A at p. 2.
[28] La. Admin. Code Title 22 § 325 (I)(1)(c)(iv).
[29] *See Abbot, supra*.

as Warden of Louisiana State Penitentiary.[30] As such, Plaintiff fails to state a claim against Defendant Vannoy because supervisors cannot be held liable for their subordinates' acts (or failure to act) under 42 U.S.C. § 1983. Similarly, Plaintiff does not allege any particular acts or omissions performed by Defendants Lollis or Maples, but instead bases his claims against them for allegedly operating an undefined practice that allowed indiscriminate housing of offenders.[31] As for Defendant Miller, Plaintiff only alleges for certain that he was told by Miller to walk to and stop in front of Napoleon's cell.[32] What all of these defendants share, though, is Plaintiff's allegations that they are supervisors over Camp D.[33]

It is firmly established that individual liability under § 1983 may not be predicated on the vicarious liability doctrine of *respondeat superior*.[34] One cannot be liable in a civil rights action based solely on *respondeat superior*; there must be allegations that the defendants had personal involvement in the alleged wrongdoing.[35] Only the direct acts or omissions of government officials, not the acts of subordinates, will give rise to individual liability under 42 U.S.C. § 1983.[36] To the extent that Plaintiff is alleging that Defendant Vannoy is liable for any acts or omissions of Defendants Lollis, Maples, Ashley, and Mille., Plaintiff's claims fail. Further, to the extent that Plaintiff alleges the liability of Lollis, Maples, or Miller based solely on their position as supervisors of Camp D, and not their direct acts, his claims must also fail.

---

[30] R. Doc. 1 at p. 6.
[31] *Id.*
[32] *Id.* at 5.
[33] *Id.*
[34] *Alton v. Texas A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978).
[35] *Sims v. Wexford Health Sources*, 635 F. App'x 16, 20 (3d Cir. 2015).
[36] *Alton*, 168 F.3d at 200; *Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir. 1984) (en banc); *Coleman v. Houston Independent School District*, 113 F.3d 528, 534 (5th Cir. 1997): *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 452 (5th Cir. 1994) (en banc); *Auster Oil & Gas, Inc. v. Stream*, 835 F.2d 597, 601 (5th Cir. 1988); *Lopez v. Houston Indep. Sch. Dist.*, 817 F.2d 351, 355 (5th Cir. 1987), overruled on other grounds, *Walton v. Alexander*, 44 F.3d 1297, 1303 (5th Cir. 1995) (en banc); *Kline v. North Tex. State Univ.*, 782 F.2d 1229, 1235 (5th Cir. 1986); *Thibodeaux v. Arceneaux*, 768 F.2d 737, 739 (5th Cir. 1985); *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

Plaintiff's claims against Defendants rest upon nothing more than their positions as Warden of Louisiana State Penitentiary and supervisors over the camp where the alleged incident occurred. Pursuant to well-settled legal principles, in order for a prison official to be found liable under 42 U.S.C. § 1983, the official must have been personally involved in conduct causing an alleged deprivation of constitutional rights or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed.[37] There are no such allegations in this case. He does not allege that Defendants Vannoy, Lollis, or Maples were present at the time of the incident or that they had any personal knowledge or warning of a specific threat to Plaintiff by inmate Napoleon. Thus, there is no factual basis for finding personal liability against them in connection with the events allege.[38] Any allegation that they are responsible for the actions of their subordinates or co-employees is insufficient to state a claim under § 1983.[39] Therefore, all claims against Defendants Vannoy, Lollis, Maples, or Miller based on supervisory liability should be dismissed.

### a. Qualified Immunity

The Plaintiff's claims should be dismissed because Defendants are entitled to qualified immunity and the Plaintiff cannot bear the burden of establishing that there was a violation of clearly established law, i.e., that Defendants violated the Eighth Amendment by being deliberately indifferent and failing to protect Plaintiff. Qualified Immunity protects all but the plainly incompetent or those who knowingly violate the law. Plaintiff has failed to support his claim that Defendants knowingly violated a statutory or constitutional right that was clearly established on April 13, 2019. In fact, Plaintiff fails to even place all but one Defendant at the incident area.

---

[37] *Lozano v. Smith*, 718 F.2d 756, at 768 (5th Cir. 1983).
[38] *Phillips v. Bruner*, 2017 U.S. Dist. LEXIS 138863, at *8-9 (M.D. La. June 9, 2017).
[39] *Monell v. Dep't of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

7

With regard to the Plaintiff's failure to protect claims, courts of law have not clearly established a right for prisoners to be protected from cellmates with known histories of violence against other inmates. Quite contrarily, this Court has recognized that it is impossible to prevent all inmate on inmate violence and that housing one inmate with another who has a history of violence does not constitute deliberate indifference. Consider this Court's analysis in *Wilson v. Hooper*:

> Even accepting as true that inmate Smith had a history of violence, as a practical matter, "[p]risons are necessarily-dangerous places," which "house society's most antisocial and violent people in close proximity with one another," thereby making it inevitable that "some level of brutality ... among prisoners" may occur. *Farmer v. Brennan*, *supra*, 511 U.S. at 858–59 (Thomas, J., concurring). *See also Verrette v. Major*, 2011 WL 3269319 (W.D. La. July 29, 2011) (dismissing an inmate's failure-to-protect claim upon a finding that, even if the defendant was aware of an inmate's history of violence, "[p]risons are dangerous places housing dangerous people" and "[i]t is unreasonable to believe persons overseeing the classification of inmates for work assignments and housing can prevent all potential prisoner-on-prisoner violence"). Accordingly, the mere fact that the offending co-inmate may have been involved in one or more prior inmate-on-inmate confrontations does not compel a finding that the determination to house the two inmates in the same area amounted to deliberate indifference. [40]

There are no record materials that demonstrate or even suggest that Defendants knowingly violated the law. Plaintiff and Napoleon were not known to be enemies prior to this incident, and they had no prior negative history (as Plaintiff admits).[41] In fact, Plaintiff's *Complaint* suggests that he was placed in the same cell as inmate Napoleon for lack of an alternative as he alleges an unknown correctional officer told him the day following the incident "sorry that had to happen to you, but we had to put you somewhere, even if its in the cell with someone like Napoleon."[42] Per this allegation, Plaintiff places himself in precisely the same kind of situation as that analyzed in

---

[40] CV 18-698-SDD-RLB, 2019 WL 6003347, at *3 (M.D. La. Oct. 22, 2019), *report and recommendation adopted,* CV 18-698-SDD-RLB, 2019 WL 5986691 (M.D. La. Nov. 13, 2019).
[41] Exhibit B; and R. Doc. 1 at p. 5.
[42] R. Doc. 1 at p. 6.

*Wilson*, and the same result should be reached. In the alternative, even if Plaintiff's allegations were true, Plaintiff's claims amount to negligence rather than deliberate indifference, which is not sufficient as to state a claim under 42 U.S.C. § 1983.

Therefore, Defendants are entitled to the defense of qualified immunity and all of the Plaintiff's claims should be dismissed.

### III. CONCLUSION:

The evidence and Plaintiff's own admissions show that he has failed to properly exhaust his administrative remedies prior to filing this suit, as required by the PLRA. Further, he has failed to state a claim against Defendants Darryl Vannoy, Peter Lollis, John Maples, or Shawn Miller for failure to protect as he does not make any allegation of their direct involvement or knowledge of the incident alleged in his *Complaint*. Finally, Defendants are entitled to qualified immunity as there is no evidence to suggest they violated a clearly established right.

For all of these above reasons, Plaintiff's Eighth Amendment claims against Defendants should be dismissed with prejudice as there is no genuinely disputed issue of material fact.

*[signature block and certificate of service on following page]*

Respectfully submitted,

**JEFF LANDRY
ATTORNEY GENERAL**

*/s/ Matthew Roth*
Matthew Roth (37527)
Assistant Attorney General
**Louisiana Department of Justice**
Litigation Division, Civil Rights Section
1885 N. 3rd Street
P. O. Box 94005
Baton Rouge, LA  70804-9005
Telephone: (225) 326-6300
Fax: (225) 326-6495
RothM@ag.louisiana.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this, the 29th day of October 2021 the above entitled pleading was filed electronically with the Clerk of Court by using CM/ECF system. Notice of this filing will be sent to all parties who participate in electronic filing by operation of the court's electronic filing system.

**I HEREBY FURTHER CERTIFY** that on this, the 29th day of October 2021, a copy of the foregoing was provided to Pro Se Plaintiff via U.S. First Class Mail, to the below name and address:

**PRO-SE**
Donald Barnes
DOC #385417
Louisiana State Penitentiary
Jag-4, Right 1-D
Angola, LA 70712

*/s/Matthew Roth*
Matthew Roth (#37527)
Assistant Attorney General