# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DONALD BARNES (#385417)**  **CIVIL ACTION**

**VERSUS**  **19-764-JWD-RLB**

**DARRYL VANOY, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 31, 2022.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DONALD BARNES (#385417)                                              CIVIL ACTION

VERSUS                                                                           19-764-JWD-RLB

DARRYL VANOY, ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion for Summary Judgment (R. Doc. 37) filed on behalf of defendants Darryl Vannoy, Peter Lollis, John Maples, and Shawn Miller. The Motion is opposed. *See* R. Doc. 38. Additional briefing was submitted by the parties. (R. Docs. 39, 40, 44).

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against defendants Vannoy, Lollis, Maples, and Miller complaining that his constitutional rights were violated due to the defendants' failure to protect him from harm by another inmate. He prays for injunctive and monetary relief.

Defendants move for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, and certified copies of plaintiff's pertinent Request for Administrative Remedy and the plaintiff's Enemies List. The plaintiff opposes the Motion relying upon the pleadings, his own Declaration, a copy of his Request for Administrative Remedy, correspondence dated September 25, 2019, a report authored by Capt. Joseph McNeely, Unusual Occurrence Report(s) authored by defendant Lollis and Lt. Michael Howard, and disciplinary reports dated February 3, 2019 and April 13, 2019.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Complaint the plaintiff alleges the following: Inmate Terrence Napoleon was in administrative lockdown because he had used a brick to kill another inmate. Napoleon informed defendants Lollis, Maples, and Miller, as well as Capt. Ashley, that "if you put 'anyone' in this cell they be carrying him out on a stretcher."

Sometime between April 1, 2019 and April 11, 2019, inmate Robert Galfreth was placed in a cell near Napoleon in administrative lockdown. Galfreth's neck and face were slashed with a piece of glass. Galfreth was the second inmate to be attacked in administrative lockdown within a two-week period.

On April 13, 2019, the plaintiff was written up for a work offense and was escorted to administrative lockdown. Defendant Miller ordered the plaintiff to stop in front of Napoleon's cell. The plaintiff was then ordered to enter the cell. Napoleon continued to threaten harm and was enraged when he was ignored by security. Two nights later, Napoleon attacked the plaintiff while he was sleeping. The plaintiff's throat was split from one side to the other. The next day, a security officer told the plaintiff, "sorry that had to happen to you, but we had to put you somewhere, even if its in the cell with someone like Napoleon."

Defendants first assert that the plaintiff's claims are subject to dismissal because Plaintiff has failed to exhaust available administrative remedies relative thereto as mandated by 42 U.S.C. § 1997e. Pursuant to this statute, Plaintiff was required to exhaust administrative remedies available to him at the prison prior to commencing a civil action in this Court with respect to prison conditions.

This provision is mandatory and applies broadly to "all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Further, a prisoner must exhaust administrative remedies by complying with applicable prison grievance procedures before filing a suit relative

to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "'time and opportunity to address complaints internally.'" *Johnson v. Johnson, supra*, 385 F.3d at 516, *quoting Porter v. Nussle, supra*, 534 U.S. at 525. Further, the degree of specificity necessary in a prisoner's grievance should be evaluated in light of this intended purpose. *Id*.

In this regard, the Louisiana Department of Public Safety and Corrections has implemented a two-step administrative process that involves the submission of an initial grievance to the warden's office at the inmate's facility. *See* 22 La. ADC, Part I, § 325. A review of the record reveals that Plaintiff filed one grievance pertaining to his complaints herein prior to filing suit. Grievance LSP-2019-1471 was filed on July 4, 2019. Therein Plaintiff complained about the attack by Napoleon. *See* R. Doc. 37-3 p. 4.

The grievance was rejected, on July 23, 2019, as untimely because the grievance was not filed within 90 days of the complained of incident. *See* R. Doc. 37-3, p. 3. Although the plaintiff's grievance was timely[1], and therefore improperly rejected, administrative remedies were still available to him.

The Supreme Court has provided an overarching framework for evaluating the "availability" of administrative remedies in *Ross v. Blake*, 136 S.Ct. 1850. In *Ross*, the Court rejected the Fourth Circuit's attempt to create a "special circumstances" exception to the PLRA's

---

1 The complained of incident occurred on April 13, 2019, and the plaintiff filed his grievance 82 days later on July 4, 2019.

exhaustion requirement. 136 S. Ct. at 1856. However, the Court remanded the prisoner's claim to be re-analyzed under the "availability" doctrine, which was based in the PLRA's "own, textual exception to mandatory exhaustion." *Id*. at 1858. The Court's explanation of that doctrine is as follows:

> Building on our own and lower courts' decisions, we note as relevant here three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief. Given prisons' own incentives to maintain functioning remedial processes, we expect that these circumstances will not often arise. But when one (or more) does, an inmate's duty to exhaust "available" remedies does not come into play.

*Id.* at 1859 (internal citations omitted). The Court then enumerated three circumstances in which administrative remedies were unavailable: (1) when the administrative procedure "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) where the administrative scheme is "so opaque that it becomes... incapable of use... [and] no ordinary prisoner can discern or navigate it"; and (3) when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id*. at 1859–60.

Though it appears from the record that the plaintiff's grievance was not properly rejected, such action does not rise to the level of "machination, misrepresentation, or intimidation" as required by *Ross.* Based on the summary judgment record before the court, it appears to have been a mistake or error. The record is devoid of any evidence that any corrections officer used trickery, lies, or threats to prevent Plaintiff from filing a grievance about the claims at issue. Cf. Ross, 136 S. Ct. at 1860 n.3 (providing examples of circumstances where courts have found that correction facility staff prevented the inmate from exhausting his administrative remedies).

Plaintiff's grievance never progressed past the initial screening phase. The plaintiff does not allege or demonstrate that he took any efforts to request that the mistake be corrected or attempted to utilize the process again. As such, Plaintiff failed to exhaust his administrative remedies available to him prior to filing suit as required by 42 U.S.C. § 1997e, and this Court has no authority to excuse his failure to exhaust. *Ross v. Blake*, 136 S.Ct. at 1856. As such, Plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e.

To the extent that Plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this Court over potential state law claims, a district court is authorized to decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims would substantially predominate over the claims over which the Court has original jurisdiction, if the Court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, having recommended dismissal of Plaintiff's federal claims, the Court further recommends that supplemental jurisdiction be declined in connection with Plaintiff's potential state law claims.

## RECOMMENDATION

It is recommended that the Motion for Summary Judgment (R. Doc. 37) be **GRANTED**, dismissing all of Plaintiff's claims against all remaining defendants. It is further recommended that the Court decline the exercise of supplemental jurisdiction in connection with any potential state law claims, and that this action be dismissed without prejudice.

Signed in Baton Rouge, Louisiana, on January 31, 2022.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**