| | |
|---|---|
| DONALD BARNES/#385417 *Plaintiff* | CIVIL ACTION |
| VERSUS | NUMBER: USM 19-764 |
| | JUDGE JOHN W. deGRAVELLES |
| DARREL VANNOY, ET AL. | MAG. RICHARD L. BOURGEOIS, JR. |
| FILED: _____ | CLERK / DEPUTY OF COURT |

RECEIVED & RETURNED
FEB 14 2022
U.S. DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
DEPUTY CLERK

## OBJECTIONS TO REPORT AND RECOMMENDATION

**NOW INTO COURT** comes Plaintiff, Donald Barnes #385417 ["Mr Barnes"], who respectfully submits his objections to the Magistrate Judge's report and recommendation. For the reasons more fully set forth below, Plaintiff Mr. Barns is entitled to judgment as a matter of law, and claims against Defendants should be granted as a matter of fact and law.

### STATEMENT OF UNDISPUTED MATERIAL FACTS

Plaintiff Mr. Barnes, respectfully submits the following Statement of Undisputed Material Facts in accordance with Local Civil Rule 56:

1. Mr. Barnes **_does not object_** to the allegations that makeup the facts "as found by Magistrate Judge Richard L. Bourgeois, Jr.," these facts are true and indisputable. Certainly, upon a trial of the matter Plaintiff, Mr. Barnes,

will undoubtedly be able to prove the essential set of facts necessary to establish his cause of action.

**FIRST OBJECTION: JUSTICIABILITY.**

2. Pursuant to 22 La.ADC, Part I, §325, Mr. Barnes submitted grievance LSP-2019-1471 to the Warden in a timely manner. The grievance was illegally and erroneously rejected as "untimely contrary to §325. This Court does not impose upon the prisoner the combined duty to timely file grievances AND IF IT IS ERRONEOUSLY REJECTED BY ADMINISTRATION *"TO REPEATEDLY REFILE THE SAME GRIEVANCE UNTIL THE ADMINISTRATIVE OFFICER ACCEPTS IT."* But this is in fact indicative of this court report and recommendation. NO, MR. BARNES DOES NOT THINK THIS IS THE LAW. For instance, when an administrative grievance is rejected for a non-enumerated reason, or for an incorrect numerated reason, petitioner is required to seek judicial review of the rejection. *This Court factually found the grievance occurred on April 13, 2019, and submitted to the warden 82 days later on July 4, 2019. Thus the grievance was improperly rejected.* Prison officials are required to follow their own rules. **Edwards v. Bunch**, 2008 La. App. Lexis 545, (La. App. 1 Cir. 3/26/2008). also *Sims v. Wackenhut Health Services, Inc.* 97-1147 (La. App. 1 Cir. 2/20/98) 708 So.2d 1140, writ denied, 98-0747 (La. 5/1/98), 718 So. 2d 417.

3. Mr. Barnes takes the position that when he filed his initial grievance timely with the warden as required by Part I, §325, the requirements of "administrative justiciability" was satisfied. This Court did not factually fine that Mr. Barnes did any act that "resulted in the grievance being adjudicated untimely." This court found to the contrary. Yet, this court did not impose upon the agency the burden of showing "a good cause mistake" and ordering resubmission of the grievance. Instead, this court allowed an illegal defense to be utilized by the defendants counsel that this court new it should not have.

4. Hence, Plaintiff objects to this court's Rule 56 finding and conclusion. In its original form, both the federal and the Louisiana state PLARA was a procedural requirement, the primary objective of which was to "secure to parties the full measure of their substantive rights." Unwired Telecom Corp. v. Parish of Calcasieu, 903 So.2d 392 (La.2005), citing Fraternal Order of Police v. City of New Orleans, 831 So.2d 897, 899 (La.11/8/02). "it bears remembering that rules of procedure exist for the sake of substantive law and to implement substantive rights, not as an end in and of itself.' Unwired, supra., citing James Fleming Jr., Civil Procedure 2 (1965) "Procedure should always be indeed the 'handmaiden of

justice.'" Quoting, Hepburn, The Historical Development of Code Pleading 19, 20 (1897); See also Erath Sugar Co. v. Broussard, 240 La. 949, 125 So.2d 776, 777 (1961)(Holding that under the system of fact pleading prevalent in Louisiana, the procedure relevant to pleading is the "handmaid rather that the mistress" of justice.")

5. The Court in Ray v. Alexandria Mall, Through St. Paul Property Liability Ins., 434 So.2d 1083, 1086 (La.1986), held "that procedural rules are designed to permit the trial of a case to search for truth and to have a decision based on substantive law rather than upon technical rules of procedure." Unwired. Supra. This Court reliance upon the PLRA is legally unfounded. Price v. Johnston, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed.2d 1356(1948), See also, Bell v. Wolfish, 441 U.S. at 545-546, 99 S.Ct. At 1877-1878, Wolff v. McDonnell, 418 U.S. at 555, 94 S.Ct. At 2974.

**SECOND OBJECTION: THE RECURRING EXCEPTION.**

6. Mr. Barnes contends the exceptions under the "availability doctrine" conservatively recognized by magistrate judge does not provide a complete picture of the defenses and exceptions available to Mr. Barnes. Here the court expounded upon the one such decision;

In Ross v. Blake, 136 S.Ct. 1850, "[o]ur supreme court

outlined generally, that building on our own and lower court's decisions, we note as relevant here three kinds of circumstances that will not often arise: (1) when the administrative procedure "operates as a simple dead end-with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) where the administrative scheme is "so opaque that it becomes...incapably of use...[and] not ordinary prisoner can discern or navigate it"; and (3) when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *But when one (or more) does, an inmate's duty to exhaust "available" remedies does not come into play.*
Id. at 1858.

7. Specifically, Mr. Barnes contends this court does recognized there are exceptions to the PLRA, *BUT THESE* exceptions are not mandatorily binding on him, where *"he has a reasonable expectation that the complained of conduct by prison officials, will recur."*

8. The Ross v. Blake exceptions operate very much like the mootness doctrine. An issue is moot when a judgment or decree on that issue has been "deprived of practical significance" or "made abstract or purely academic." A case may also become moot for several other reasons, including: because the law has changed; because a defendant has paid funds owed

and no longer wishes to appeal; because allegedly wrongful behavior has passed and can not reasonably be expected to recur; because a party can no longer be affected by a challenged statute; or because a party has died.

9. Mr. Barnes takes the position like that in the mootness cases, as should be inferred from the "availability doctrine" the court's summary judgment finding must be precluded, as the challenged action was "under the circumstances" initially put into effect by the injured party who was mentally and emotionally suffering from trauma, and prisoners on the outside of the legal programs department such a Mr. Barnes, are adversely effected by the short duration of (90) days it would take to effectively cull together all the necessary factual matter Needed to properly submit an administrative grievance. Equally situated prisoners reasonably acquainted with the ARP process are hard pressed to meet the requirements and standards. This administrative step is critical under 22 La. ADC, Part I, §325.

10. Because all of the events occurred in a short period of time (90) days, not counting the period of time from initially filing subsection 1983 to this court's report and recommendation, during that period, and rationally likely tomorrow, Mr. Barnes may be forced in the same position as he

was on April 13, 2019. It is not contended by this court nor the defendants, that this is a matter that is not capable of repetition, and incapable of evading review. This case can be considered by this court.

11. This court must find that Mr. Barnes will likely be placed in administrative segregation again as part of the conditions of confinement, and his throat again slit, or he is killed, right? Therefore Mr. Barnes must object to the court's report and recommendation that Mr. Barnes fails to meet the "availability doctrine" issue. The defendants utilized A legal procedure in a manner it knew would be illegal, yet in the face of the obvious, the defendants rejected Mr. Barnes timely Administrative grievance as untimely. This act must be seen as "evading review," or improperly depriving prisoner of access to effective administrative grievance. Otherwise the court's finding would deprive Mr. Barnes of clearly establish substantive rights.

WHEREFORE, Plaintiff Mr. Barnes pray that, after all due proceedings are had, this honorable court overrule report and recommendations as well as the recommendation over supplemental jurisdiction and grant, and that judgment be entered in his favor as to all claims asserted, and denied as to all defenses claimed by Defendants, with prejudice, and at Defendants sole costs.

*Donald Barnes*

Donald Barnes/#385417
Pine Unit #2
Louisiana State Penitentiary
Angola, LA 70712

## CERTIFICATE OF SERVICE

Donald Barnes/# certifies that a copy of the foregoing document: "**OBJECTION TO MAGISTRATE REPORT AND RECOMMENDATION** has been served upon the Assistant Attorney General and counsel of record by mailing the same by first class United States Mail, to MATTHEW P. ROTH (37527) of the Louisiana Department of Justice, Litigation Division, P.O. Box 94095, Capital Station, Baton Rouge, Louisiana 70804-9095, properly addressed and sufficient postage prepaid through the Louisiana State Penitentiary Indigent Legal Mail Services through the Angola Main Prison Classification Department on this 4 day of February, 2022.

Respectfully Submitted,

/s/ Donald Barnes
Donald Barnes/# 385417
Louisiana State Penitentiary
Main Prison East/Cypress-2
Angola, Louisiana 70712

*Legal Mail*

OFFENDER'S REQUEST FOR LEGAL / INDIGENT MAIL

NAME: Donald Barnes

NUMBER: 385417

LOCATION: Pine-2

BALANCE IN YOUR DRAWING ACCOUNT: $ _____

LIST EACH ITEM TO BE MAILED
GIVE THE NAME AND COMPLETE ADDRESS OF EACH
PIECE TO BE MAILED:

~~The White House, Mr. President~~
name
~~White House~~
address
~~Washington DC 20543~~
city, state, zip code

Honorable Clerk of Court
Middle District Court of Louisiana
name
777 Florida Street
address
Baton Rouge, LA, 70801
city, state, zip code

_____
name
_____
address
_____
city, state, zip code

ANY DELIBERATE MISREPRESENTATION WILL RESULT
IN YOUR MAIL BEING RETURNED

Donald E. Barnes 385417
offender's signature and number

_____        _____
classification officer           date

SCREENED
OK
U.S. MARSHAL

DONALD BARNES DOC#385417
PINE UNIT #2
LOUISIANA STATE PENITENTIARY
ANGOLA, LA. 70712

HONORABLE CLERK OF COURT
MIDDLE DISTRICT COURT OF LOUISIANA
777 FLORIDA STREET
BATON ROUGE, LA 70801



SCREENED
OK
U.S. MARSHAL

SCANNED at LSP and Emailed
2-21-22 by VB . 14 pages
date    initials  No.

RECEIVED
FEB 2 1 2022
Legal Programs Department

Donald Barnes 385417
Louisiana State Penitentiary
Jag-4 Right-1D
Angola, LA 70712

----------------------------------------------------



# UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
OFFICE OF THE CLERK

Michael L. McConnell
Clerk of Court

Telephone: 225-389-3500
Facsimile: 225-389-3501

February 15, 2022

Donald Barnes
DOC # 385417
Louisiana State Penitentiary
Angola, LA 70712

RE: **19-cv-00764-JWD-RLB**
**Barnes v. Vanoy, et al**

## NOTICE

The Clerk of Court has received your documents through the United States Mail on **February 14, 2022**.

Pursuant to Local Rule 5(d)(1), pleadings submitted by a prisoner to the courts for filing which have not been scanned and emailed by authorized Louisiana State Penitentiary personnel, may, at the direction of the court, be returned.

On **February 15, 2022,** the court directed that your pleadings be returned to you without filing to be re-submitted in accordance with Local Rule 5(d)(1).

Sincerely,
Michael L. McConnell
Clerk of Court

Local Rule 5

(e) **Filing by Unrepresented Prisoners, Subject to Electronic Filing, Regarding Civil Rights and Habeas Corpus Cases.**

   (1) Original Documents - Prisoners subject to electronic filing must place all documents in an envelope and place the envelope in a designated box for documents to be filed in Louisiana Federal District Courts only. No postage is required. All envelopes placed in the designated box shall be opened by authorized prison personnel in order to scan the documents. Once scanned, prison personnel shall return all original documents to the prisoner, unless otherwise directed by the Court. Any envelope placed in the designated box containing postage shall not be opened for purposes of scanning. Prison officials shall either return the envelope to the prisoner or mail it to the Court. Documents submitted by a prisoner to the Court for filing which have not been scanned and emailed by authorized prison personnel, may, at the direction of the Court, be returned to the prisoner.

   (2) Scanning - Authorized prison personnel will scan prisoner documents into a preprogrammed Document Capture Workstation which coverts the document to PDF. Authorized prison personnel will affix the "scanned" stamp on the document, prior to scanning, which indicates the date the document was scanned, total number of pages scanned, and the initials of the person who scanned it. Once the document has been scanned, authorized prison personnel will verify the legibility of the image on the computer screen and email the document directly to the Court's dedicated email address.

   (3) Filing into Court's Electronic Case Management System - The Court will receive and review all documents received via email from the prison and electronically file submissions into the case management system. After review, if it is determined by the Court that a document does not constitute a proper filing in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Court, the document may be returned to the prisoner via the U. S. Postal Service, upon direction of the Court