## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**DONALD BARNES (#385417)**                                    **CIVIL ACTION**

**VERSUS**                                                                      **19-764-JWD-RLB**

**DARRYL VANOY, ET AL.**

## RULING

This matter comes before the Court[1] on the Motion for Summary Judgment (R. Doc. 37) filed on behalf of defendants Darryl Vannoy, Peter Lollis, John Maples, and Shawn Miller. The Motion is opposed. *See* R. Doc. 38. Additional briefing was submitted by the parties. (R. Docs. 39, 40, 44).

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against defendants Vannoy, Lollis, Maples, and Miller complaining that his constitutional rights were violated due to the defendants' failure to protect him from harm by another inmate. He prays for injunctive and monetary relief.

Defendants move for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, and certified copies of plaintiff's pertinent Request for Administrative Remedy and the plaintiff's Enemies List. The plaintiff opposes the Motion relying upon the pleadings, his own Declaration, a copy of his Request for Administrative Remedy, correspondence dated September 25, 2019, a report authored by Capt. Joseph McNeely, Unusual Occurrence Report(s) authored by defendant Lollis and Lt. Michael Howard, and disciplinary reports dated February 3, 2019 and April 13, 2019.

---

[1] The Court's prior judgment was reversed, and this matter was remanded for further proceedings. See R. Doc. 63

Case 3:19-cv-00764-JWD-RLB    Document 64    01/11/24    Page 2 of 6

**Summary Judgment Standard**

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

**Plaintiff's Allegations**

In his Complaint the plaintiff alleges the following: Inmate Terrence Napoleon was in administrative lockdown because he had used a brick to kill another inmate. Napoleon informed defendants Lollis, Maples, and Miller, as well as Capt. Ashley, that "if you put 'anyone' in this cell they be carrying him out on a stretcher."

Sometime between April 1, 2019, and April 11, 2019, inmate Robert Galfreth was placed in a cell near Napoleon in administrative lockdown. Galfreth's neck and face were slashed with a piece of glass. Galfreth was the second inmate to be attacked in administrative lockdown within a two-week period.

On April 13, 2019, the plaintiff was written up for a work offense and was escorted to administrative lockdown. Defendant Miller ordered the plaintiff to stop in front of Napoleon's cell. The plaintiff was then ordered to enter the cell. Napoleon continued to threaten harm and was enraged when he was ignored by security. Two nights later, Napoleon attacked the plaintiff while he was sleeping. The plaintiff's throat was split from one side to the other. The next day, a security officer told the plaintiff, "sorry that had to happen to you, but we had to put you somewhere, even if its in the cell with someone like Napoleon."

**Qualified Immunity**

In response to the plaintiff's allegations, Defendants assert that they are entitled to qualified immunity in connection with Plaintiff's claims. The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is

undertaken in light of the specific context of the case, not as a broad, general proposition. *Id*. The

relevant, dispositive inquiry in determining whether a constitutional right was clearly established

is whether it would have been clear to a reasonable state official that his conduct was unlawful in

the situation which he confronted. *Id*.

Undertaking the qualified immunity analysis, the Court finds that Defendants' motion

should be granted, in part and denied in part. Defendants Vannoy, Lollis, and Maples are entitled

to summary judgment.

### *Personal Involvement/Failure to Protect*

For a prison official to be found liable under § 1983, the official must have been

personally and directly involved in conduct causing an alleged deprivation of an inmate's

constitutional rights, or there must be a causal connection between the actions of the official and

the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir.

1983). Any allegation that the defendant is responsible for the actions of subordinate officers or

co-employees under a theory of vicarious responsibility or *respondeat superior* is alone

insufficient to state a claim under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009), *citing*

*Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). *See also Bell v. Livingston*,

356 F. App'x. 715, 716–17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held

liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability").

Further, in the absence of direct personal participation by a supervisory official in an alleged

constitutional violation, an inmate plaintiff must allege that the deprivation of his constitutional

rights occurred as a result of a subordinate's implementation of the supervisor's affirmative

wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially

imposed by state law. *Lozano v. Smith*, *supra*, 718 F.2d at 768.

Under the Eighth Amendment to the United States Constitution, a prisoner has a

constitutional right to be sheltered from the threat of harm or violence at the hands of other

inmates. *Johnston v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986); *Jones v. Diamond*, 636 F.2d 1364, 1373 (5th Cir. 1981). Specifically, prison officials "have a duty ... to protect prisoners from violence at the hands of other inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "Deliberate indifference" is the appropriate standard to be applied in this context, and this term has been defined as including an element of "subjective recklessness" as used in the criminal law. *Id.* at 837. A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Id. at 847*. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id.* at 837.

In the instant matter the plaintiff has alleged personal involvement on the part of only one defendant – Shawn Miller. Miller had knowledge that inmate Napoleon had recently killed another inmate, had been informed of Napoleon's threat to harm anyone placed in his cell, was directly informed by Napoleon himself that he would harm the plaintiff, and witnessed Napoleon become visibly irritated when his threats were ignored. Despite the foregoing, defendant Miller still forced the plaintiff into the cell with Napoleon resulting in the plaintiff's neck being slashed by Napoleon. As such, defendant Miller was aware of a substantial risk of harm to the plaintiff, disregarded the risk, and failed to take reasonable steps to abate it.

### *Supervisory Liability*

With regards to the plaintiff's allegations of a lack of a policy, as noted by the Court in *Crittindon,* supervisory officials may be liable under § 1983 for their failure to adopt policies if that failure causally results in a constitutional injury. *Crittindon v. LeBlanc*, 37 F.4th 177, 186 (5th Cir. 2022). Liability only arises when the officials act, or fail to act, with "deliberate indifference," a "disregard [for] a known or obvious consequence of [their] action[s]." Plaintiffs must introduce evidence that each Defendant had "actual or constructive notice" that their failure

to adopt policies would result in constitutional violations. This typically requires showing notice

of "[a] pattern of similar constitutional violations" due to deficient policies, permitting the

inference that Defendants deliberately chose policies causing violations of constitutional rights.

*Id.*

In the instant matter the plaintiff has not alleged a pattern of similar constitutional

violations due to deficient policies. The plaintiff has identified only one other attack in the area

in which he was housed. As such, the plaintiff fails to assert a viable failure to adopt policies

claim and summary judgment should be granted in favor of defendants Vannoy, Lollis, and

Maples. Accordingly,

**IT IS ORDERED** that the Motion for Summary Judgment (R. Doc. 37) be **GRANTED**

**IN PART**, dismissing Plaintiff's claims against defendants Darryl Vannoy, Peter Lollis, and

John Maples. As to Shawn Miller, the motion is **DENIED**.

**IT IS FURTHER ORDERED** that this matter is referred back to the Magistrate Judge

for further proceedings herein.

Signed in Baton Rouge, Louisiana, on January 11, 2024.


_____

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**